1   Joel E. Elkins (SBN 256020)
    jelkins@weisslawllp.com
2   **WEISSLAW LLP**
    9107 Wilshire Blvd., Suite 450
3   Beverly Hills, CA 90210
    Telephone: 310/208-2800
4   Facsimile:  310/209-2348

5   *Attorneys for Plaintiff and*
    *the Proposed Class*

6   [Additional counsel appear on signature page]

7

8

9                   **UNITED STATES DISTRICT COURT**

10                 **NORTHERN DISTRICT OF CALIFORNIA**

11

12  RUTH LEIBOWITZ,  On Behalf of Herself    )   Case No.
    and All Others Similarly Situated,        )
                                              )
13                    Plaintiff,              )   <u>CLASS ACTION</u>
                                              )
14           v.                               )   **CLASS ACTION COMPLAINT**
                                              )   **FOR VIOLATIONS OF THE**
15  INVUITY, INC., GREGORY T. LUCIER,         )   **FEDERAL SECURITIES LAWS**
    SCOTT FLORA, WILLIAM W. BURKE,            )
16  RANDALL A. LIPPS, ERIC ROBERTS, and       )   JURY TRIAL DEMANDED
    DANIEL WOLTERMAN,                         )
17                                            )
                      Defendants.             )
18                                            )
                                              )
19                                            )
                                              )
20  _____      )

21

22          Plaintiff Ruth Leibowitz ("Plaintiff"), individually and on behalf of all others similarly

23  situated, by and through her undersigned counsel, for her complaint against defendants, alleges

24  upon personal knowledge with respect to herself, and upon information and belief based upon, *inter*

25  *alia*, the investigation of counsel as to all other allegations herein, as follows:

26

27

28

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

**NATURE OF THE ACTION**

1.      Plaintiff brings this class action on behalf of the public stockholders of Invuity, Inc. ("Invuity" or the "Company") against Invuity and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(e) and 78t(a), and to enjoin the expiration of a tender offer (the "Offer") on a proposed transaction, pursuant to which Invuity will be acquired by Stryker Corporation ("Stryker"), through its wholly owned subsidiary Accipiter Corp. ("Purchaser") (the "Proposed Transaction").

2.      On September 11, 2018, Invuity issued a press release announcing it had entered into an Agreement and Plan of Merger dated September 10, 2018 (the "Merger Agreement") to sell Invuity to Stryker.  Under the terms of the Merger Agreement, Purchaser commenced the Offer to purchase all of the outstanding shares of Invuity common stock for $7.40 per share ("Offer Price"). The Offer commenced on September 24, 2018 and is scheduled to expire at 12:00 midnight Eastern Time at the end of the day on October 22, 2018.

3.      On September 24, 2018, Invuity filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the U.S. Securities and Exchange Commission ("SEC").  The Recommendation Statement, which recommends that Invuity stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) potential conflicts of interest faced by the Company's financial advisor, Moelis & Company LLC ("Moelis"), and Company insiders; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Moelis.  The failure to adequately disclose such material information constitutes a violation of Sections 14(e) and 20(a) of the Exchange Act as Invuity stockholders need such

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

information in order to make a fully informed decision whether to tender their shares in favor of the Proposed Transaction or seek appraisal.

4.    In short, the Proposed Transaction will unlawfully divest Invuity's public stockholders of the Company's valuable assets without fully disclosing all material information concerning the Proposed Transaction to Company stockholders.  To remedy defendants' Exchange Act violations, Plaintiff seeks to enjoin the expiration of the Offer unless and until such problems are remedied.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction over the claims asserted herein for violations of Sections 14(e) and 20(a) of the Exchange Act pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.    The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists.   Invuity is incorporated in Delaware and is headquartered in this District.  Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

**PARTIES**

8.      Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Invuity.

9.      Defendant Invuity is a Delaware corporation and maintains its principal executive office at 444 De Haro Street, San Francisco, California 94107.  Invuity is a medical technology company focused on developing and marketing advanced surgical devices to improve the surgeon's ability to perform minimal access surgery through smaller and hidden incisions.  The Company's common stock is traded on the NASDAQ Global Market under the ticker symbol "IVTY".

10.     Defendant Gregory T. Lucier ("Lucier") has been Chairman of the Board since December 2015 and a director of Invuity since October 2014.

11.     Defendant Scott Flora ("Flora") has been Interim President and Chief Executive Officer ("CEO") of the Company since March 2018 and a director of Invuity since November 2017.

12.     Defendant William W. Burke ("Burke") has been a director of the Company since May 2015.

13.     Defendant Randall A. Lipps ("Lipps") has been a director of the Company since June 2013.

14.     Defendant Eric Roberts ("Roberts") has been a director of the Company since June 2012.

15.     Defendant Daniel Wolterman ("Wolterman") has been a director of the Company since September 2017.

16.     The defendants identified in paragraphs 10-15 are collectively referred to herein as the "Board" or the "Individual Defendants".

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## OTHER RELEVANT ENTITIES

17.     Stryker is a Michigan corporation with its principal executive offices located at 2825 Airview Boulevard, Kalamazoo, Michigan 49002.  It is one of the world's leading medical technology companies that offers innovative products and services in orthopaedics, medical and surgical, and neurotechnology and spine.  Stryker's common stock is traded on the New York Stock Exchange under the ticker symbol "SYK."

18.     Purchaser is a Delaware corporation and a wholly owned subsidiary of Stryker.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons and entities that own Invuity common stock (the "Class").  Excluded from the Class are defendants and their affiliates, immediate families, legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

20.     Plaintiff's claims are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

21.     The Class is so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through discovery, Plaintiff believes that there are thousands of members in the Class.  As of September 17, 2018, there were 24,085,279 shares of Company common stock issued and outstanding.  All members of the Class may be identified from records maintained by Invuity or its transfer agent and may be notified of the pendency of this action by mail, using forms of notice similar to those customarily used in securities class actions.

22.     Questions of law and fact are common to the Class and predominate over questions affecting any individual Class member, including, *inter alia*:

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

      (a)      Whether the Individual Defendants have violated Section 14(e) of the Exchange Act;

      (b)      Whether the Individual Defendants have violated Section 20(a) of the Exchange Act; and

      (c)      Whether Plaintiff and the other members of the Class would suffer irreparable injury were the Proposed Transaction consummated.

23.      Plaintiff will fairly and adequately protect the interests of the Class, and has no interests contrary to or in conflict with those of the Class that Plaintiff seeks to represent. Plaintiff has retained competent counsel experienced in litigation of this nature.

24.      A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

25.      Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## SUBSTANTIVE ALLEGATIONS

**Company Background**

26.      Invuity, formerly Spotlight Surgical, Inc., incorporated on May 29, 2015, is a commercial-stage medical technology company. The Company provides surgeons with direct visualization of surgical cavities during minimally invasive and minimal access surgical procedures. The Company integrates its Intelligent Photonics technology platform into its single-use and reusable surgical devices to address some of the intracavity illumination and visualization challenges. The Company utilizes its technology to develop optical waveguides that direct and shape thermally cool, brilliant light into broad, uniform, and volumetric illumination of the surgical target. Invinuity sells its devices to approximately 530 hospitals.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

**The Proposed Transaction**

27.    On September 11, 2018, Invuity issued a press release announcing the Proposed Transaction, which stated in relevant part:

> San Francisco, CA, September 11, 2018 — Invuity, Inc. (NASDAQ: IVTY), a leading medical technology company focused on advanced surgical devices to enable better visualization, today announced it has entered into a definitive agreement with Stryker Corporation (NYSE:SYK), pursuant to which Stryker will acquire all of the outstanding shares of Invuity for $7.40 per share in cash, implying a total equity value of approximately $190 million.
>
> "The combination of Stryker's established leadership in minimal access surgery paired with Invuity's suite of enabling visualization and surgical devices should facilitate better patient outcomes and operating room efficiencies in women's health, general surgery, electrophysiology and orthopedics," said Scott Flora, Invuity's Interim Chief Executive Officer. "It is with this in mind that Invuity's Board of Directors voted to recommend this transaction to Invuity's shareholders."
>
> "Invuity's innovative products in the single-use lighted instrumentation and hybrid energy markets provide best in class illumination and help make surgery safer," stated Spencer S. Stiles, Group President, Neurotechnology, Instruments and Spine. "I look forward to the work we will do together to advance Stryker's mission of making healthcare better."
>
> Under the terms of the definitive transaction agreement, a subsidiary of Stryker Corporation will commence a tender offer to purchase all outstanding shares of Invuity, Inc. common stock in exchange for $7.40 per share in cash. The completion of the tender offer is subject to customary terms and closing conditions, including a requirement that a majority of Invuity, Inc.'s outstanding shares are tendered in the offer and receipt of certain regulatory approvals. The agreement provides that immediately following the successful completion of the tender offer, the subsidiary of Stryker Corporation making the offer will merge with and into Invuity, Inc. and all remaining outstanding shares of Invuity, Inc. common stock that were not tendered in the offer will receive the same consideration paid in respect of those shares that were tendered. Stryker Corporation intends to fund the transaction with cash on hand.

**Insiders' Interests in the Proposed Transaction**

28.    Invuity and Stryker insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Invuity.

- 7 -

29.    Notably, it appears that certain members of Company management may secure employment for themselves upon consummation of the Proposed Transaction. According to the Recommendation Statement, "Stryker Instruments, a subsidiary of Stryker, has offered retention packages to Scott Flora, James Mackaness, Douglas Heigel, Hisham Shiblaq and Steven Annen that include payments totaling approximately $1,555,000 in the aggregate." Recommendation Statement at 11.

30.    Further, Invuity insiders stand to reap substantial financial benefits for securing the deal with Stryker. Pursuant to the Merger Agreement, all Company stock options and restricted stock units will be converted into the right to receive cash payments. The following tables set forth the equity payments the Company's executive officers and directors are set to receive in connection with the Proposed Transaction:

|  | Shares Subject to Outstanding Company Options | Option Consideration for Company Options($) |
| --- | --- | --- |
| *Directors* | | |
| Eric Roberts | 39,710 | 73,117.00 |
| Randall A. Lipps | 33,008 | 81,846.50 |
| Gregory T. Lucier | 57,602 | 177,871.00 |
| William M. Burke | 87,273 | 73,117.00 |
| Daniel Wolterman | 0 | 0 |
| *Executive Officers* | | |
| Scott Flora* | 10,405 | 1,260.00 |
| James Mackaness | 281,777 | 272,970.00 |
| Douglas Heigel | 207,222 | 512,810.00 |
| Steve Annen | 159,100 | 143,990.00 |
| Hisham Shiblaq | 35,000 | 0 |

| Number of Shares of Company RSUs Held | | RSU Consideration for Company RSUs ($) |
| --- | --- | --- |
| *Directors* | | |
| Eric Roberts | 34,246 | 253,420.40 |
| Randall A. Lipps | 52,231 | 386,509.40 |
| Gregory T. Lucier | 52,231 | 386,509.40 |
| William M. Burke | 52,231 | 386,509.40 |
| Daniel Wolterman | 49,126 | 363,532.40 |
| *Executive Officers* | | |
| Scott Flora* | 111,922 | 828,222.80 |
| James Mackaness | 43,800 | 324,120.00 |
| Douglas Heigel | 44,625 | 330,225.00 |
| Steve Annen | 28,125 | 208,125.00 |
| Hisham Shiblaq | 25,000 | 185,000.00 |

- 8 -

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

**The Recommendation Statement Contains Material Misstatements or Omissions**

31.     The defendants filed a materially incomplete and misleading Recommendation Statement with the SEC and disseminated it to Invuity's stockholders.   The Recommendation Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed decision whether to tender their shares in favor of the Proposed Transaction or seek appraisal.

32.     Specifically, as set forth below, the Recommendation Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) potential conflicts of interest faced by the Company's financial advisor, Moelis, and Company insiders; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Moelis.   Accordingly, Invuity stockholders are being asked to make a tender or appraisal decision in connection with the Proposed Transaction without all material information at their disposal.

*Material Omissions Concerning Moelis' and Company Insiders' Potential Conflicts of Interest*

33.     The Recommendation Statement fails to disclose material information concerning the fees received by Moelis for any past work performed for the Company.

34.     For example, the Recommendation Statement sets forth:

On August 1, 2018, Moelis disclosed to the Board that it had not received any compensation from Stryker for investment banking or other services from August 1, 2015 through August 1, 2018. Moelis may provide services to Stryker in the future and receive compensation therefor.

35.     Recommendation Statement at 34-35.   The Recommendation Statement, however, fails to disclose any services Moelis provided to Invuity from August 1, 2015 through August 1, 2018, and any fees Moelis received in connection with those services.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

36.    Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

37.    The omission of this information renders the statements in the "Opinion of Invuity's Financial Advisor" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

38.    The Recommendation Statement also fails to disclose material information concerning the potential conflicts of interest faced by Invuity insiders.

39.    The Recommendation Statement sets forth that:

> Stryker Instruments, a subsidiary of Stryker, has offered retention packages to Scott Flora, James Mackaness, Douglas Heigel, Hisham Shiblaq and Steven Annen that include payments totaling approximately $1,555,000 in the aggregate. If entered into, the retention agreements require (1) each executive to complete a specified period of employment with Stryker Instruments that vary in length by executive, (2) the successful completion of goals and objectives, if any, set forth in the agreements, (3) execution of Stryker's standard non-competition agreement, and (4) the waiving of any rights under such executive's Executive Change of Control Agreement and Executive Severance Agreement.

*Id.* at 11.  The Recommendation Statement, however, fails to disclose the details of all employment and retention-related discussions and negotiations that occurred between Stryker and Invuity executive officers, including who participated in all such communications, when they occurred and their content, as well as whether any of Stryker's prior proposals or indications of interest mentioned management retention in the combined company.

40.    Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

- 10 -

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

41.     The omission of this information renders the statements in the "Background" and "Retention Arrangements with Stryker" sections of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Moelis' Financial Analyses***

42.     The Recommendation Statement describes Moelis' fairness opinion and the various valuation analyses performed in support of its opinion.  However, the description of Moelis' fairness opinion and analyses fails to include key inputs and assumptions underlying the analyses. Without this information, as described below, Invuity's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Moelis' fairness opinion in determining whether to tender their shares in favor of the Proposed Transaction or seek appraisal.  This omitted information, if disclosed, would significantly alter the total mix of information available to Moelis' stockholders.

43.     With respect to Moelis' *Discounted Cash Flow Analysis ("DCF")*, the Recommendation Statement fails to disclose: (i) quantification of the stock-based compensation that was treated as a cash for purposes of Moelis' DCF; (ii) the line items underlying the unlevered free cash flows Moelis utilized in its DCF; (iii) quantification of the inputs and the assumptions underlying the discount rates ranging from 13% to 15%%; and (iv) quantification of Invuity's net operating losses utilized by Moelis in its analysis.

44.     With respect to the Moelis' *Selected Publicly Traded Companies Analysis*, the Recommendation Statement fails to disclose the total enterprise values of the companies observed by Moelis in the analysis.

45.     When a banker's endorsement of the fairness of a transaction is touted to stockholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

46.    The omission of this information renders the statements in the "Opinion of Invuity's Financial Advisor" section of the Recommendation Statement false and/or materially misleading in contravention of the Exchange Act.

47.    The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Recommendation Statement.  Absent disclosure of the foregoing material information prior to the expiration of the Offer, Plaintiff and the other members of the Class will be unable to make a fully-informed tender or appraisal decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Class Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

53.    Plaintiff repeats all previous allegations as if set forth in full.

54.    Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Offer commenced in conjunction with the Proposed Transaction.

55.    Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender her shares pursuant to the Offer commenced in conjunction with the Proposed Transaction.

56.    As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender her shares or seek appraisal.

## COUNT III

### Class Claims Against the Individual Defendants for
### Violation of Section 20(a) of the Exchange Act

57.     Plaintiff repeats all previous allegations as if set forth in full.

58.     The Individual Defendants acted as controlling persons of Invuity within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of Invuity and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

59.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

60.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of this document.

61.     In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the

- 13 -

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

62. By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Invuity, and against defendants, as follows:

A. Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class representative and Plaintiff's counsel as Class counsel;

B. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

C. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff and the Class;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable

Dated: October 5, 2018              **WEISSLAW LLP**
                                    Joel E. Elkins

                                    By: _____

                                    Joel E. Elkins
                                    9107 Wilshire Blvd., Suite 450
                                    Beverly Hills, CA 90210
                                    Telephone:  310/208-2800
                                    Facsimile:   310/209-2348
                                    -and-

- 14 -

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Richard A. Acocelli
1500 Broadway, 16th Floor
New York, NY  10036
Telephone: 212/682-3025
Facsimile:  212/682-3010

*Attorneys for Plaintiff and*
*the Proposed Class*

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS